981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Tai CHEN, aka: "Tai-Hsuan Chen", Defendant-Appellant.
 No. 92-50010.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1992.
Decided Dec. 16, 1992.
 
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm on the ground appellant waived his right to be present in the courtroom by repeatedly interrupting the trial. Illinois v. Allen, 397 U.S. 337, 343-46 (1970); Fed.R.Crim.P. 43(b)(2).
 
 
 3
 We reject appellant's contention that after warning him he would be removed if he refused to behave, the district judge should have waited to see whether he persisted in disrupting the trial before removing him from the courtroom. See Fed.R.Crim.P. 43(b) (defendant waives his right to be present if he, "after being warned that disruptive conduct will cause the removal of the defendant from the courtroom, persists in conduct which is such as to justify his exclusion from the courtroom") (emphasis supplied). The judge told appellant several times he would not be permitted to disrupt the trial. When appellant persisted in addressing the jury, the judge warned him he would be removed if he did not assure the court he would be silent. Appellant refused to provide any assurances.[1] Moreover, appellant's counsel informed the judge that appellant had indicated he would continue his disruptive behavior. The trial judge acted within his discretion in removing appellant without waiting to see if appellant continued to interrupt the trial.
 
 
 4
 Appellant argues his conduct was not as egregious as the conduct which justified removal in Allen, but the fact that other defendants in other cases have engaged in more disruptive behavior is not sufficient to justify reversal in this case. Foster v. Wainwright, 686 F.2d 1382, 1388 (11th Cir.1982). Appellant also claims his conduct was no more egregious than the conduct in Badger v. Cardwell, 587 F.2d 968, 973-76 (9th Cir.1982). Our decision in Badger turned on the fact that defendant was acting as his own counsel and there was no showing he would have continued his disruptive behavior if substitute counsel had been appointed. Id. at 975. Here, appellant's behavior cannot be traced to an effort to represent himself; he was represented by counsel.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While appellant argues he has difficulty with the language and may not have understood what the judge was asking, appellant had an interpreter and the court ordered several recesses to permit his attorneys to explain the consequences of his conduct